WILLIAM BAKER, Plaintiff in Error, *v.* JOSEPH STOUGHTON, Defendant in Error.

*Error to Columbia.*

Suit cannot be maintained upon an obligation to deliver round or hewed timber, as the *obligee* might choose, and of such size and length as *he* might direct, without showing that defendant (*obligor*) had been directed as to the timber to be delivered.

THIS suit is brought upon the following instrument in writing:

"$425.    *Milton, Nov.* 28, 1850.    On or before the first day of February next, I promise to pay L. G. Whipple, or bearer, the sum of four hundred and twenty-five dollars, in round or hewed timber, as he may choose, and such size and length as he may direct; said timber to be delivered at Milton, at the usual place for vessels to take in the same, for value received; timber to be at the highest market price.

JOSEPH STOUGHTON."

The plaintiff avers, in his complaint, "that all and every the conditions or condition precedent, necessary to be done or performed by the obligee in the above obligation, were duly performed by the obligee, but that defendant has failed to pay," &c.

Defendant, in his answer, denies that he is indebted, and "denies that the condition or conditions precedent, necessary to be done or performed by the obligee, in the said obligation, have been performed."

The verdict of the jury was, that the holder of the said promissory note did not perform the condition precedent, necessary to be by him performed, as the plaintiff has alleged. Plaintiff made a motion for a new trial, which was overruled, and judgment given for defendant.

*D. Logan,* for plaintiff in error.

*A. Campbell,* for defendant in error.

WILLIAMS, C. J. Plaintiff complains of this decision of the District Court, and says that he was entitled to a judgment in this case for the amount claimed, without showing that he, or the payee of said note, ever gave to defendant any directions as to the kind or size of the timber to be delivered thereon. We consider this position untenable. We see no reason why the clear and express understanding of the parties should not be carried into effect. Defendant promised to pay the amount of the note in such timber as the holder thereof might call for; and it is impossible to say, with truth, that he has violated that promise, until it appears that he has been called upon, as stipulated in the contract.

Plaintiff does not deny that defendant had a right to wait for directions until a reasonable time before the note became due ; but that then it was his right and duty to elect as to the sort of timber in which he would make payment.

Perhaps this might be true, if defendant was to pay, at a certain time and place, in timber of a certain kind and dimension, or upon such other terms as the plaintiff might prescribe ; but in this case there was no alternative. There was no other way for defendant to determine as to the dimensions of the timber, except from the directions of plaintiff. But it is said that defendant was bound to pay in merchantable timber, without any directions. This assumption imposes upon defendant a responsibility which he had no reason to anticipate from the contract. According to the express agreement of the parties, plaintiff, and not defendant,

Baker *v.* Stoughton.

was to decide as to the kinds of lumber to be delivered. To construe the contract as contended for by plaintiff, would be to open the door to litigations. Parties would differ as to what was a reasonable time before the note became due, and as to what was merchantable timber, and other matters that were supposed to be settled in the agreement.

The doctrine here laid down is recognised in 2 *Watts' R.* *page* 139. In that case, H. promised to pay a widow $133 per year—a part in cash, and the residue in trade, according to her wants, to wit : grain, meat, hay, &c., at market prices. The only question in the case was, whether the plaintiff could recover the value of the specific articles without proof of a demand before suit brought. The court say : " In the case at bar, if a demand be necessary, no difficulty exists as to the place, as it is evident, from the contract, that both parties had reference to the farm on which they resided as the place where the articles were to be demanded and delivered. The contract is for the delivery of the grain, hay, meat, &c., of a stipulated value, as they may be wanted, for the support of the widow. She may elect what part she will receive in grain, what in meat, what in hay, or whether she will receive the whole in one or the other article, or in any other commodity, the product of the farm. It cannot be the duty of H. to make a tender ; for, until she makes a demand, it is impossible for him to know what to tender, or in what quantities, or at what time."

So, in this case, it could not be the duty of defendant to tender timber ; for, until plaintiff gave directions, it was impossible for him to know what the kind, size and length of the timber should be.

In *Roberts* v. *Beatty*, 2 *Penn. R.* 63, it is said, that it is not the duty of the obligor to pay or deliver the specific articles mentioned in the obligation, when the time of delivery, the nature and quality of the article, depend upon the election of the obligee. (*See, also,* 20*th Wendell,* 198 ; 5*th Cowen,* 516.)

Judgment affirmed.